UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RANDALL TYLER HUTCHISON,

       **Plaintiff,**

  **v.**

NEWARK POLICE DEPARTMENT, *et al.*,

       **Defendants.**

**Case No. 2:15-cv-3057**
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Chelsey M. Vascura**

## ORDER

In 2015, Plaintiff Randall Tyler Hutchison, an Ohio inmate who is proceeding without the assistance of counsel, brought this civil rights action under 42 U.S.C. § 1983 against several Newark Police Detectives and Officers, alleging that he was subjected to excessive force in violation of the Fourth Amendment. (ECF No. 5.) Only Mr. Hutchison's excessive force claim against Defendant Detective Doug Bline remained after a motion to dismiss was granted in part and denied in part. (ECF Nos. 10, 12, 15.) Detective Bline then moved for summary judgment (ECF No. 25), and the Magistrate Judge recommended that motion be granted (ECF No. 34). This Court adopted that recommendation about a month later, on February 12, 2018. (ECF No. 35.) The Court entered judgment on the same day. (ECF No. 36.)

More than seven years later in July 2025, Mr. Hutchison has filed two post-judgment motions, pending before the Court: (1) "Motion to Appoint Counsel & Motion to Amend newly discovered evidence (Summary Judgment)" (ECF No. 37); and (2) "Motion for Discovery & to Amend Newark Police to City of Newark" (ECF No. 38). The Motions are handwritten with pencil on yellow legal paper and unfortunately, are barely legible. (ECF Nos. 37, 38.)

Mr. Hutchison uses various and multiple titles on his Motions: "Motion of Discovery," "Fed. Civ. R. 59," "Fed. Civ. R. 60," "Motion to Appoint Counsel," "Motion the Amend," "Newly

Discovered Evidence," and "Summary Judgment." (*Id.*) In his first Motion, Mr. Hutchison attempts to amend his complaint, discusses Detective Bline, and references destroyed evidence. (ECF No. 37.) Mr. Hutchison discusses conspiracy theories, including about the Judges in this Court, and mentions various news outlets like Fox News and MSNBC. (*Id.*)

In his second Motion, Mr. Hutchison again discusses fabricated evidence that he asserts was planted by the United States Attorney's Office. (ECF No. 38.) He discusses public figures such as U.S. Attorney General Pam Bondi, Ivanka Trump, and Representative Alexandria Ocasio-Cortez. (*Id.*)

Mr. Hutchison's Motions are most accurately characterized as post-judgment motions, and the Court construes them that way. Federal Rule of Civil Procedure 59 does not apply. The only possibly relevant subsection of Rule 59, subsection (e), states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." As stated above, Mr. Hutchison makes his motions more than seven years after judgment in his case.

Next, the Court examines Federal Rule of Civil Procedure 60(b). Rule 60(b) is the appropriate mechanism to seek to vacate a judgment when more than 28 days have transpired from the entry of that judgment. Under Rule 60(b), the Court may relieve a party from a final judgment for any of the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

None of the above applies here. The only subsections marginally referenced in Mr. Hutchison's Motions are subsections (b)(2) and (3). Yet while Mr. Hutchison references destroyed and fabricated evidence, his references are vague, and he attaches no new evidence. As for fraud, misrepresentation, or misconduct, he asserts bald accusations without any evidence or proof. Further, although *pro se* filings should be "liberally construed," that does not mandate a court to sustain a *pro se* filing that is "incoherent, rambling, and unreadable." *Gardner v. Williams*, No. 2:06-CV-11572-DT, 2006 WL 1547779, at *1 (E.D. Mich. June 2, 2006); *Goodykoontz v. Cnty.*, No. 1:24 CV 1309, 2024 WL 4519253, at *3 (N.D. Ohio Oct. 17, 2024) (Polster, J.) (explaining liberal construction of *pro se* pleadings has its limits, particularly where the narrative is "rambling and repetitive").

Mr. Hutchison's request to appoint counsel is denied. The Court entered judgment, the case has been closed for a long time, and there is no purpose for which counsel should be appointed for the reasons stated in this Order. Mr. Hutchison's requests to amend and for summary judgment are denied for the same reasons.

For the reasons stated above, Plaintiff Randall Tyler Hutchison's "Motion to Appoint Counsel & Motion to Amend newly discovered evidence (Summary Judgment)" (ECF No. 37) and "Motion for Discovery & to Amend Newark Police to City of Newark" (ECF No. 38) are **DENIED**. This case remains closed.

**IT IS SO ORDERED.**

**11/3/2025**                                    **s/Edmund A. Sargus, Jr.**
**DATE**                                          **EDMUND A. SARGUS, JR.**
                                                  **UNITED STATES DISTRICT JUDGE**