**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**RANDALL TYLER HUTCHISON,**

**Plaintiff,**

**v.**

**NEWARK POLICE DEPARTMENT, et al.,**

**Defendant.**

**Case No. 2:15-cv-3057**

**JUDGE DOUGLAS R. COLE**
**Magistrate Judge Vascura**

**OPINION AND ORDER**

On February 2, 2018, this Court, through the then-assigned Judge, adopted an R&R (Doc. 34) that recommended granting summary judgment to the last remaining defendant in this pro se, in forma pauperis, prisoner litigation. (Doc. 35). Consistent with that, the Clerk then entered judgment terminating the matter. (Doc. 36). But some seven years later, the plaintiff, Randall Hutchison, reappeared, asking to re-open the case in light of newly discovered evidence. (*See* Docs. 37, 38). The Court denied that request, as well. (Doc. 41). Ten months passed, and Hutchison filed the motion at issue here, a motion to "recuse all judges." (Doc. 43). The two-page handwritten motion is charitably described as rambling and incoherent. From the title it appears that Hutchison wants "all judges" to recuse, but in the motion itself he does not specify the relief he seeks, nor does he say what would warrant such broad relief. And, in any event, the case is closed, so it is not clear what a recusal would accomplish. Accordingly, for the reasons briefly set forth below, the Court **DENIES** the motion to recuse all judges (Doc. 43).

This case started in 2015 when Hutchison, who was incarcerated at the Licking County Justice Center, sued various Newark, Ohio,[1] law enforcement personnel, along with the Newark Police Department, claiming excessive force and requesting $3.5 million. (Doc. 5). In response to a motion to dismiss, the Court dismissed all defendants except for one of the officers, Doug Bline. (Doc. 15). A while later, though, Bline moved for summary judgment, (Doc. 25), which the Court ultimately granted, (Doc. 35). As that was the last remaining defendant, the Clerk entered judgment. (Doc. 36).

That seemed to be the end of things. Hutchison did not appeal. Nor did he seek post-judgment relief, whether by way of Federal Rule of Civil Procedure 59 or 60. At least he did not do so for roughly seven years. But that changed in July 2025 when Hutchison filed two motions: (1) a combined motion to appoint counsel and amend the judgment (Doc. 37), and (2) a motion for discovery (Doc. 38). While Hutchison pointed to Rule 59 and 60 in support of his first request, the Court concluded that neither worked. (Order, Doc. 41). A party must move under Rule 59, the Court noted, within 28 days of the entry of judgment. (*Id.* at #272); Fed. R. Civ. P. 59(b). Seven years exceeded that. Turning to Rule 60, the Court concluded that none of the six subsections to that rule applied. (*Id.* at #273); Fed. R. Civ. P. 60(b)(1)–(6). Beyond that, as the Court was not re-opening the case, Hutchison's motion for discovery also failed.

[1] Newark is the county seat of Licking County.

That brings us to the present motion. Roughly five months after the Court denied Hutchison's most-recent motions, he filed a motion to recuse all judges. (Doc. 43). There he claims that the Court has a "clear conflict." (*Id.* at #278). It appears that conflict arises from the fact that Hutchison is a "NATO Asset," while this is a "Jeffrey Epstein and Les Wexner backed federal court." (*Id.*). So the Court is "clearly trying to hide, conceal and destroy evidence." (*Id.*). Hutchison goes on to claim that he is "way above the pay grade of Pres. Trump and U.S. Attorney General Blanche." (*Id.* at #279). Despite that, though, he has "sat in prison for 11 years for crimes by Federal Judges and United States Attorneys." (*Id.*). If the Court needs any further evidence, he says, it should simply watch "the TV show 'The Agency 2024,'" as the show is "about U.S. Rep. Illhan Omar and [Hutchison]." (*Id.*).

After Hutchison filed his recusal motion, the then-assigned judge recused for reasons unrelated to that motion. So, after random reassignment, the action recently ended up before the undersigned, with the motion to recuse "all judges" still pending.

Recusals in federal court are generally governed by 28 U.S.C. § 455. That statute requires a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[2] "What matters is not the reality of

[2] District judges are also subject to 28 U.S.C. § 144. But recusal under that statute arises only when a party has filed "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias." Hutchison cannot be relying on that statute here, though, for two reasons. First, he has not filed an affidavit. Second, this statute provides for recusal only of the judge hearing the case. But Hutchison wants recusal of "all judges." Moreover, if all he seeks is the recusal of the then-assigned judge, that has already occurred for unrelated reasons. (Doc. 45). So, understood that way, the motion is moot.

bias or prejudice, but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994) (citation modified). This is an objective standard that asks "what a reasonable person knowing all the relevant facts would think about the impartiality of the judge." *In re Nat'l Prescription Opiate Litig.*, No. 19-3935, 2019 WL 7482137, at *1 (6th Cir. Oct. 10, 2019) (quoting *Roberts v. Bailar*, 625 F.2d 125, 129 (6th Cir. 1980)). But the category "all relevant facts" doesn't mean "whatever a party happens to allege." That is because "[r]ecusal cannot be based on 'unsupported, irrational or highly tenuous speculation." *United States v. Cerceda*, 188 F.3d 1291, 1293 (11th Cir. 1999) (quoting *In re United States*, 666 F.2d 690, 694 (1st Cir. 1981)).

It is that last part of the analytical framework where Hutchison stumbles badly. As noted above, his claims of conflict rest on allegations that go beyond mere irrationality into the realm of the fantastical or delusional. In short, Hutchison has failed to provide any rational, coherent account under which "all judges" would be required to recuse. And just to be clear, he has also not identified any reason why the undersigned, personally, should recuse, nor is the Court aware of any such reason. The first the undersigned heard of Hutchison was when this case was reassigned. In sum, given his failure to provide any factual basis for either the undersigned, or "all judges," to recuse, his motion fails as a matter of law.

Moreover, even were that not so, his motion would fail given the procedural posture here. As noted, this case was closed nearly eight years ago. Other than Hutchison's motion to recuse, there are no motions pending. The Court can conceive of no reason why a judge, let alone all judges, would need to recuse going forward in

a closed matter. So for that reason, as well, the motion fails. To be sure, if he were instead seeking to undo the previous judgment under Rule 60(b) on the grounds that the assigned judge should have recused, things may be different. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 862–65 (1988) (discussing how a demand for recusal under 28 U.S.C. § 455 can in some circumstances fall within Fed. R. Civ. P. 60(b)(6)). But Hutchison never invokes that rule by name, does not ask to reopen the judgment, and nothing about his motion is directed at the then-assigned judge in particular. So, even given the liberal construction afforded to pro se litigants, the Court cannot read his motion as arising under Rule 60(b)(6).

## CONCLUSION

In short, Hutchison's motion fails both procedurally and on the merits. Accordingly, the Court **DENIES** the motion to recuse all judges (Doc. 43). Moreover, as this case is closed, the Court instructs the Clerk's Office not to accept any further filings in this matter other than a motion under Rule 60(b) or a notice of appeal of this Order. This case remains closed.

**SO ORDERED.**

October 13, 2026
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**